IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANTHONY ROMAN, MARITZA NEGRON
and their conjugal partnership

Plaintiffs

vs                                                              CIVIL 12-1426CCC

UNITED STATES OF AMERICA; JANET
NAPOLITANO, Secretary of the
Department of Homeland Security, her
husband JOE DOE and their conjugal
partnership; DEPARTMENT OF
HOMELAND SECURITY;
TRANSPORTATION SECURITY
ADMINISTRATION; FSD JOSE G.
BAQUERO, his wife JANE DOE and their
conjugal partnership; DFSD CHERYL DE
LOACH, her husband RICHARD ROE and
their conjugal partnership; AFSD HIRAM
CASTILLO, his wife JINNIE ROE and their
conjugal partnership; JOHN DOE, MARY
ROE and their conjugal partnership;
XYZ CORPORATION

Defendants

# OPINION AND ORDER

Principal plaintiff Anthony Román, a federal employee, has brought claims in this case pursuant to the First Amendment, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 <u>et. seq.</u>, the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), and negligence claims in which he is joined by his spouse and their conjugal partnership under the P.R. Civil Code.  Mr. Román is a federal employee who works for the Transportation Security Administration (TSA) since December 16, 2002 as an agent at the Luis Muñoz Marín International Airport (LMMIA).  Complaint, ¶ 14.  The factual allegations numbered 14 through 37 are all incorporated by reference in each of the seven federal claims and the state claims.  These twenty-seven factual allegations, which at times mention specific individual defendants as employees or officers of TSA, make reference to "defendants" or "codefendants" generally without any effort at establishing a causal link that would make

CIVIL 12-1426CCC                                    2

each particular defendant liable for the injuries and personal damages claimed by plaintiffs. The most egregious example is that of defendant Janet Napolitano, whose name is only mentioned to refer to her position as Secretary of the Department of Homeland Security. These pleading deficiencies are aggravated by the fact that the causes of action asserted immediately thereafter, identified by plaintiffs as Counts I through VIII, only contain averments as to "defendants' actions," "defendants intervened" and "defendants encroached and violated plaintiff's rights."   Generic claims of liability in which all defendants are bunched up appear throughout the complaint filed on June 5, 2012 against Secretary Napolitano, the Department of Homeland Security, the Transportation Security Administration, José G. Baquero, Cheryl de León and Hiram Castillo, respectively identified as Director of the TSA Office at LMMIA (FSD) since 2005 (allegations 9 and 15), as Deputy Federal Security Director (DFSD) and as Assistant Federal Security Director and Supervisor assigned to that Office (allegations 10 and 11).  Included as John Does are the spouses of the three individual defendants as members of their conjugal partnerships.

On January 11, 2011, the same plaintiffs filed a complaint almost seventeen (17) months earlier, against the same defendants in Civil 11-1027(JAF) which is a carbon copy of the complaint filed in the case at bar.  Before the Court now is the Motion to Dismiss filed by all defendants on September 26, 2012 (**docket entry 9**), opposed by plaintiffs on April 2, 2013 (docket entry 17).[1]  Having considered the motion to dismiss and the opposition, the Court finds that all claims set forth in the complaint are time-barred for the reasons stated below.

---

[1]Although leave to reply was requested by the United States (**docket entry 22**), the same is MOOT as no reply was ever tendered.

CIVIL 12-1426CCC                                    3

**FTCA CLAIMS**

   The Court notes at the outset that the gravamen of plaintiffs' complaint consists of allegations that defendants intervened with plaintiff Anthony Román at various times requiring the disclosure of a contact list in his private e-mail service to which certain e-mail messages had been forwarded after a December 14, 2005 incident at a checkpoint in the LMMIA during which a pregnant officer on-duty was allegedly assaulted.  Plaintiffs describe this situation  at paragraph 16 and add:  "The incident and the following judicial proceedings were the object of an online communications (sic) received by plaintiff Román in a private e-mail service account on April 5, 2010" and that "Román forwarded the communication to a list of personal email contacts that included friends and co-workers from TSA."  Román claims that since he rejected the disclosure demands, he was subjected by "defendants" to harassment, discriminatory treatment, retaliation and illegal employment decisions which were meant to lead to his eventual termination.

   The United States' position on the FTCA claims set forth at counts VI and VII of the complaint is that plaintiffs never filed an administrative claim against the agency as provided in 28 U.S.C. § 2401(b), a jurisdictional requirement that cannot be waived.  This statute establishes that if a claimant fails to comply with the filing of his timely administrative claim with the appropriate federal agency, that is, within two (2) years after such claim accrued, then his claim is "forever barred."  The government states in its dismissal motion that plaintiff never filed such a claim, either before he pursued his first case in this Court before Judge Fusté in Civil 11-1027(JAF) or in this case which was brought after his 2011 action was dismissed without prejudice by Judge Fusté.  On September 29, 2011, Judge Fusté stated as grounds  for dismissal that "plaintiffs have failed to diligently prosecute the case."  Plaintiffs  argue in their opposition to dismissal that the government "incorrectly states that plaintiff failed in presenting his FTCA claim in writing through the form SF-95 to the agency" but "[o]n the contrary, the abovementioned form was completed by plaintiff on May 14, 2010"

CIVIL 12-1426CCC                                    4

referring to his Exhibit 1.  They aver at paragraph 19, pages 4-5, that "[t]he claim that was presented in writing to the appropriate federal agency (TSA) toll (sic) the statute of limitations . . ."

In United States v. Kubrick, 100 S.Ct. 352, 357 (1979) (quoting Railroad Telegraphers v. Railway Express Agency, 64 S.Ct. 582, 586 (1944)) , the Court expressed that statutes of limitations are "statutes of repose" which "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.'"  Section 2401(b) is described as "the balance struck by Congress in the context of tort claims against the government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims."  Id. The timely filing of an administrative claim under 28 U.S.C. § 2401(b) has been repeatedly held to be a jurisdictional requirement.  It is mandatory to file the written claim before the appropriate federal agency within two (2) years after the tort claim against the United States accrues.  The administrative claim comes before the filing of a lawsuit in federal court.  See Román-Cancel v. United States, 613 F.3d 37, 41-42 (1st Cir. 2010) ("the temporal parameters of the FTCA are strictly construed in favor of the sovereign;" "compliance with FTCA's temporal deadlines is both mandatory and jurisdictional"); Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003) ("it is well settled in this circuit that the timely filing of an administrative claim pursuant to section 2401 is a jurisdictional prerequisite to filing suit under the FTCA"); González v. United States, 284 F.3d 281, 288 (1st Cir. 2002) ("it is well settled that an FTCA claim must be dismissed if a plaintiff fails to file a timely administrative claim . . . this statutory requirement is a jurisdictional prerequisite to suit that cannot be waived"); Attallah v. United States, 955 F.2d 776, 779 (1st Cir. 1992); González-Bernard v. United States, 907 F.2d 246, 248 (1st Cir. 1990).

CIVIL 12-1426CCC                    5

The burden is on a plaintiff to prove his compliance with the statutory requirements of presentment of his claim to the agency within two (2) years after it accrued. United States v. $10,000.00 in U.S. Funds, 863 F.Supp. 812 (S.D. Ill. 1994). Proof of mailing of the claim is not enough to comply with the jurisdictional requirement. Plaintiff must present proof of actual timely receipt of his written claim to the federal agency in order to comply with the presentment requirement of 28 U.S.C. § 2401(b). Lotrionte v. United States, 560 F.Supp. 41, 42-43 (S.D.N.Y. 1983) (affirmed 742 F.2d 1436); see also Steele v. United States, 390 F.Supp. 1109, 1111-1112 (S.D. Cal. 1975), citing United States v. Lombardo, 241 U.S. 73 (1916) (the presentment of the claim "is, at a minimum, the equivalent of filing").

The plaintiffs have not proven that they filed a timely written administrative claim before the agency in compliance with section 2401(b). The copy of SF 95-109 submitted to the Court is not proof that their claim was actually filed and received by the agency. The copy submitted contains no information as to the name of the federal agency, which must be provided as item 1 of the Form. Additionally, there is absolutely no evidence that any written claim for damages was submitted by Mr. Anthony Román before the agency. For purposes of compliance with the presentment requirement of the statute, docket entry 17-1 attached to plaintiffs' opposition to the dismissal motion is worthless. Accordingly, it cannot be considered at all as proof of compliance with 28 U.S.C. § 2401(b) and, consequently, plaintiffs' FTCA claims, counts VI and VII of the complaint, are forever barred as mandated by the statute.[2]

**ADEA CLAIMS**

Plaintiff states at paragraph 14 of the complaint that he is a Transportation Security Officer (TSO) who works for the Transportation Security Administration (TSA) at the Luis

___

[2]The record does not reflect that plaintiffs filed a timely written claim before the agency before filing their first and second lawsuit in this court.

CIVIL 12-1426CCC                                6

Muñoz Marín International Airport (LMMIA) since December 16, 2002.  As a federal employee, he has brought his Age Discrimination in Employment Act (ADEA) claim under 29 U.S.C. § 633a, which requires that personnel actions by federal agencies affecting employees who are at least forty years of age shall be made free from any discrimination based on age.  29 U.S.C. § 633a(a).  Any person aggrieved may bring a civil action in any Federal district court for legal or equitable relief.  29 U.S.C. § 633a(c).  If the federal employee chooses the administrative route and his claim is denied, he then must commence a district court action within ninety days of receipt of notice of the final action by the agency. 29 C.F.R. § 1614.407.  See also 42 U.S.C. § 2000e-16(C), which was amended in 1991 to increase the time within which an aggrieved employee or applicant may file civil action from within 30 days of receipt of notice of final action to 90 days of receipt of such notice.  The federal employee can elect to bypass the EEOC administrative process and go directly to federal court or may choose to invoke the administrative process and thereafter file suit.

        Plaintiff alleges in the complaint:   (1) that he presented a complaint against defendants with the Equal Employment Opportunity Commission (EEOC) under the ADEA, (2) that on December 7, 2010, the EEOC entered a Summary Judgment which concluded that plaintiff failed to demonstrate by preponderance of the evidence that the agency discriminated against him on the basis of age and reprisal, and (3) that on December 30, 2010 the Agency issued a final order notifying complainant of its decision to fully implement the decision of the EEOC, and informing him of his rights to either file an appeal or file a civil action in an appropriate United States District Court (allegations 36 and 37).  Plaintiff opted to pursue the administrative remedies before filing a district court complaint.  Since his administrative claim was denied and he was notified of his right to sue on December 30, 2010, he was required to appeal or file a complaint by March 31, 2011.  The record indicates that plaintiff filed an initial complaint in federal court on January 11, 2011 (Civ. No. 11-1027(JAF)) which was dismissed, without prejudice, on November 9, 2011.  A

CIVIL 12-1426CCC                                7

limitations period is not tolled by filing a complaint that is subsequently dismissed without prejudice.  As noted by the First Circuit in <u>Chico-Vélez v. Roche Prods, Inc.</u>, 139 F.3d 56, 59 (1st Cir. 1998) : "dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action . . . the dismissal without prejudice of Chico Vélez's first action doomed his ADA claim because the ninety-day filing period had run."  The Court added that even if the earlier action had suspended the running of the ninety-day limitations period, the limitations period would have commenced anew when the District Court dismissed the original action.  So it is here.  More than ninety-days elapsed between the dismissal of the original action by Judge Fusté on September 30, 2011 and the date of the filing of the instant complaint on June 5, 2012.

In <u>Jorge v. Rumsfeld</u>, 404 F.3d 556, 563 (2005) the plaintiff voluntarily dismissed his first ADEA action.  The Court ruled that a voluntary dismissal without prejudice results in a "*tabula rasa.*"  Citing <u>Nat'l R.R. Passenger Corp v. Int'l Ass'n of Machinists</u>, 915 F.2d 43, 48 (1st Cir. 1990) and <u>Chico-Vélez</u>, supra, it ruled that "the dismissal renders the proceedings null and void and leaves the parties in the same position as if the action had never been prosecuted.  Consequently, a prescriptive period is not tolled by filing a complaint that is subsequently dismissed, without prejudice.

### FIRST AMENDMENT CLAIMS

The complaint includes four First Amendment claims, to wit:  counts I, II, III and V. Although count I refers to violations of plaintiffs' "right to free speech," count II to violation of the "rights to assemble peasably (sic)," count III to violation of plaintiffs' "civil right to privacy" and count V to violation of plaintiffs' "civil rights to privacy," it is averred in all that "defendants intervened with plaintiff Román . . . demanding disclosure of a private email

CIVIL 12-1426CCC                                    8

contact list in a private email service to which certain email messages had been forwarded."[3] Counts I, III and V specifically allege that because Román did not comply with defendants' unreasonable demands, they began "a series of actions illegally directed at 'making a record' that would allow for plaintiff's employment with TSA to be terminated" and that "[d]uring the execution of such plan, employment actions were improperly imposed as punishment for alleged wrongful actions."   Count II also alleges retaliation taken because Román exercised his First Amendment right to assembly but the retaliation there claimed is in the form of personal attacks, harassment, mobbing and humiliating treatment by TSA agents.    All First Amendment claims incorporate factual allegations numbered 14 through 37.  What follows is a chronology of the "employment actions" taken in retaliation for having declined to disclose the email contacts to which messages were forwarded related to a December 14, 2005 assault of a pregnant female officer while on duty at a TSA checkpoint:

> MAY 18, 2006:  Román was required to provide to non-defendant officers the email contact list, which caused him to feel "harassed" by the supervisors who requested his private email contact list.  See complaint, paragraph 19.

> MAY 25, 2006:  Román was again ordered to produce the email contact list; he again felt "harassed" and requested that supervisors back-off from requiring disclosure.  Id., at paragraph 20.

> JUNE 1, 2006:  letter of reprimand issued "against plaintiff for not complying with the disclosure of the private email contact list."  Id., at paragraph 21.

> JULY 14, 2006:   "Román suspended for one day by defendant De Loach . . . as a sanction for refusing to disclose the private email contact list." Id., at paragraph 22.

> JULY 6, 2006:  "a malicious accusation made against Román in an incident with Antilles Airlines, later being cleared."  Id., at paragraph 23.

> AUGUST 14, 2006:  Román "as a direct result of the treatment endured from supervisors and management personnel for his refusal to disclose the private email contact list . . . suffered a severe nervous crisis."  Id., at paragraph 24.

---

[3]This allegation appears in paragraph 2 of counts I, III and V and in an abbreviated form in paragraph 2 of count II.

NOVEMBER 10, 2006: Román "applied for a position for TSA personnel . . . as Behavior Detection Officer . . . was among the best qualified . . . was denied the position because of his refusal to disclose information as described above and was disqualified on February 19, 2007." Id., at paragraph 25.

JUNE 25, 2007: overtime incident involving Román and the entire team working with him at a checkpoint at the airport which he describes as "the latest attempt, up to that date, by management to fill in reprimands in Román's record that would cumulatively allow the dismissal from TSA." Id., at paragraph 27.

JULY 5, 2007: Román applied for a position in the Gwienett County Police Department and was disqualified "because of inaccurate information in his TSA record." Id., at paragraph 28.

AUGUST 13, 2007: Román applied for a managerial/supervisory position at TSA, "was the best qualified but was disqualified . . . for having refused to disclose information as detailed above." Id., at paragraph 29.

OCTOBER 5, 2007: Román suspended for five days after an irregular suspension procedure which barred witnesses . . . "in retaliation for refusing to disclose information detailed above." Id., at paragraph 31.

The events outlined above are the factual basis for Román's constitutional tort claims. Such factual basis was known to him as early as May 18, 2006, again on May 25, June 1, July 14, November 10, 2006 and on June 25, August 13, October 5, 2007.[4] He also specifically averred paragraphs 19, 20, 21, 22, 25, 27, 29 and 31 of the complaint that the adverse employment actions taken against him on those dates were triggered by his refusal to disclose information related to his private email contact list. He, therefore, had one year after the last event, the October 5, 2007 suspension, to file his First Amendment claims. He ignored this temporal reality, filing his first judicial complaint raising constitutional tort claims on January 11, 2011 (Civil 11-1027(JAF)) followed by the present complaint on June 5,

_____

[4]The relevant cut-off date for his First Amendment claims is October 5, 2007 since the January 8, 2009 disqualification for a TSA position (allegation 32) is linked only to his age-discrimination. Plaintiff avers at paragraph 32 that during an interview for the position to which he applied on January 8, 2009, a panel member called him an "old dog."

CIVIL 12-1426CCC                                    10

2012, after the dismissal of his 2011 action for lack of diligent prosecution and lack of jurisdiction.[5]

    His opposition to dismissal is an attempt to delay the accrual of his constitutional tort claims until January 13, 2010.  However, each time from 2006 to 2007 that Román was allegedly disqualified for positions or when other adverse actions such as suspensions were taken, he well knew of the causal connection between the employment actions and his refusal to disclose his private email contacts list to TSA officials.  He states so explicitly in each of the allegations of fact pertaining to the 2006-2007 period.  Yet, at paragraph 34 of the Complaint, Román leaps from October 2007 to January 2010 claiming that the last event towards making a record to allow for his termination was a meeting with AFSD Hiram Castillo on January 13, 2010.  This is the means used to stretch his stale claims, barred since 2008, to bring them within the one year limitations period for filing a <u>Bivens</u> claim against the federal officials for violation of his First Amendment rights.  The January 2010 incident is embellished to fit the description of "an action directed at making a record that would allow for plaintiff's employment with TSA to be terminated".  But, this January 13, **2010** meeting held twenty seven months after the October 5, **2007** suspension was not a termination action.  That same allegation 34 states that "Román asked to return to work and Castillo directed him to supply additional documents about his injury."  There is no claim anywhere in the complaint or in the opposition in the sense that Román's employment at TSA was ever terminated.  Román refers to his TSA employment in the present tense. Allegation 14 reads:  follows:  "Plaintiff Anthony Román **is** a TSA agent who works for the Transportation Security Administration . . . [he] began working in the TSA on December 16, 2002" and "[e]ver since he joined TSA he **has been working** as a Transportation Security Officer (TSO) at the Luis Muñoz Marín International Airport."  (Emphasis ours.)

_____

[5]Judgment filed on September 30, 2011 in Civil No. 11-1027(JAF) (docket entry 11).

CIVIL 12-1426CCC                              11

Having concluded that the First Amendment claims should have been brought since 2008, within the one-year statute of limitations period applicable to Bivens claims, Roman v. Townsend, 224 F.3d 24, 29 (1st Cir. 2000), the constitutional tort claims in counts I, II, III and V are also time-barred.

In closing, it is important to note that the Supreme Court in FDIC v. Meyer, 114 S.Ct. 996 (1994) held that the Federal Tort Claims Act is not applicable to constitutional torts (Id., at p. 1001) and that since an extension of  Bivens to agencies of the Federal Government is not supported by the logic of Bivens itself, a direct action for damages against federal agencies is not available under Bivens.


**CONCLUSION**

For the reasons stated above, the Motion to Dismiss filed by all defendants on September 26, 2012 (**docket entry 9**) is GRANTED.  Accordingly, all the federal claims brought by plaintiffs are ORDERED DISMISSED, with prejudice.  The Court declines to exercise supplemental jurisdiction over the claims brought under Puerto Rico law, so those are also DISMISSED, but without prejudice.  See 28 U.S.C. § 1367; Marrero-Gutiérrez v. Molina, 491 F.3d 1, 7 (1st Cir. 2007).  Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on September 30, 2013.


S/CARMEN CONSUELO CEREZO
United States District Judge